Matter of Schulman (2025 NY Slip Op 00452)

Matter of Schulman

2025 NY Slip Op 00452

Decided on January 29, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2024-08329

[*1]In the Matter of Eliyahu Schulman, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Eliyahu Schulman, respondent. (Attorney Registration No. 5101027)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 24, 2013.

Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On September 3, 2024, the Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated July 30, 2024, pursuant to the means provided in this Court's order dated August 29, 2024, authorizing substitute service, and duly filed those papers with this Court together with an affidavit of service. The verified petition contains two charges of professional misconduct alleging that the respondent failed to cooperate with two disciplinary investigations, engaged in conduct prejudicial to the administration of justice, and engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to file his answer to the verified petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service upon him of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established and to impose such discipline upon the respondent as this Court deems appropriate based upon his default in filing an answer to the verified petition. Although the motion papers were duly served upon the respondent on October 3, 2024, he has neither opposed the motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the verified petition dated July 30, 2024, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to deem the charges in the verified petition dated July 30, 2024, established, is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Eliyahu Schulman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Eliyahu Schulman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Eliyahu Schulman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Eliyahu Schulman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court